# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| **Florence Jackson** | * |
| 4743 Homesdale Avenue | * |
| Baltimore, Maryland 21206 | * |
| | * |
| **Kelly Blackwell** | * |
| 3128 Howard Park Avenue | * |
| Baltimore, Maryland 21207 | * |
| | * |
|     **Plaintiffs** | * |
| | * |
| **v.** | * |
| | * |
| **Mayor & City Council of Baltimore City** | *    **Civil Action Number:** |
| 100 Holiday Street | * |
| Baltimore, Maryland 21202 | * |
|   <u>serve on:</u>  City Solicitor | * |
|               George Nilson, Esquire | *    **Request for Jury Trial** |
|               City Hall | * |
|               100 Holiday Street | * |
|               Baltimore, MD 21202 | * |
|     **Defendants** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT - UNLAWFUL RETALIATION

Plaintiffs Florence Jackson and Kelly Blackwell by their attorneys, file this Complaint because the Defendants fired them in retaliation for asserting their rights to owed wages under Maryland law and federal law.

### FACTS

**The Parties**

1. The Plaintiffs are adults and legal residents of the State of Maryland.

2. Each Plaintiff is an "employee" of the Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e), and a covered employee of the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, §§3-401, et seq,.

3. The Defendants are subject to the Fair Labor Standards Act.

4. Defendants employed each Plaintiff.

5. The Defendants are employers within the meaning of the term of the Fair Labor Standards Act, , the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, § 3-401.

6. Plaintiff Jackson commenced her employment with Defendants on or about October 25, 2001.

7. Plaintiff Jackson worked as a dispatcher throughout her employment with the Defendants.

8. Plaintiff Blackwell commenced her employment as a dispatcher with Defendants in July 2002.

**The Prior Complaint Of State & Federal Wage-Hour Violations**

9. Plaintiffs filed a Complaint in the United States District Court of Maryland (Northern Division), case number JFM-06-cv-3414, in February 2007.

10. Prior to filing the Complaint, Plaintiffs attempted to resolve the dispute internally and through the chain of command.

11. Defendants did not resolve the dispute prior to the Plaintiffs' filing the lawsuit in federal court.

12. The federal court complaint previously filed against the Defendant specifically asserted claims for owed wages and overtime compensation under Maryland and federal laws.

13. A copy of the previously filed complaint of Plaintiff Jackson and Blackwell is attached hereto as EXHIBIT 1.

14. Defendants' motion to dismiss the Plaintiffs' previously filed complaint was denied.

15. A court-sponsored settlement conference was held in the Plaintiffs' previously filed complaint in December 2007.

16. A settlement was reached at the settlement conference.

17. By letter dated January 18, 2008, the Plaintiffs provided the Defendants with a signed settlement agreement. *See* Exhibit 2.

18. Plaintiffs never received any written unsatisfactory performance evaluation or appraisal during their employment with the Defendants.

19. Plaintiffs were never suspended or placed on probation for any reason during their employment with Defendants.

20. Defendants never issued Plaintiffs any written warnings or counseling statements for any job-related reason.

21. Defendants terminated Plaintiff Jackson in February 2008.

22. Defendants terminated Plaintiff Blackwell in February 2008.

23. Defendants fired Plaintiff Jackson without first warning her that she had engaged in any sort or type of misconduct or was not performing her job satisfactorily.

24. Defendants fired Plaintiff Blackwell without first warning her that she had engaged in any sort or type of misconduct or was not performing her job satisfactorily.

25. Defendants have a policy of progressive discipline.

26. Defendants did not utilize its progressive discipline policy when terminating the Plaintiffs.

27. False and pretextual reasons were provided by the Defendants as the claimed reasons for the Plaintiffs' employment terminations.

28. Defendants attempted to cover-up the real reason for firing the Plaintiffs.

29. Defendants attempted to deny the Plaintiffs' claims for unemployment benefits.

30. Defendants were not successful in disqualifying the Plaintiffs from receiving unemployment benefits.

31. Defendants terminated Plaintiffs in retaliation for them complaining about the Defendants' violation of Maryland and federal wage-hour laws.

32. Defendants had no justifiable reason for terminating the Plaintiffs.

33. Defendants acted with ill will, spite, and actual and absolute malice in terminating and retaliating against the Plaintiffs.

34. Plaintiffs have suffered severe and grave financial losses as a direct result of Defendants unlawful retaliation against them.

35. Plaintiffs have suffered great loss in wages, employment benefits and pension amounts.

36. Plaintiffs have suffered severe emotional pain, suffering and anguish as a direct result of the Defendants' unlawful retaliation against them.

**JURISDICTION & VENUE**

37. This case presents a federal question for which this Court has jurisdiction.

38. Venue is proper in this District as the unlawful acts took place in this District and the parties reside in this District.

39. Pendent jurisdiction exists over the State law claim.

# VIOLATIONS OF LAW

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, UNLAWFUL RETALIATION

40. All allegations of this Complaint are incorporated fully in this Count.

41. The Fair Labor Standards Act makes it unlawful for an employer to retaliate against an employee who seeks to exercise rights under the Act. 29 U.S.C. §215(a)(3).

42. Defendants violated the Fair Labor Standards Act by retaliating against Plaintiffs by terminating them after they complained about not receiving compensation required to be paid to them under the FLSA.

43. Plaintiffs suffered lost wages and benefits as a result of the unlawful termination and suffered compensatory damages.

44. Plaintiffs suffered emotional damages and harm.

45. Defendants' actions were not taken in good faith or with a reasonable belief that its actions did not violate the FLSA. The actions taken were willful and with malice and in complete indifference to Plaintiffs' rights under the FLSA.

46. <u>Relief Requested</u> – Plaintiffs seek to recover the relief available to them under the law, (a) including lost wages and benefits; (b) pre- and post-judgment interest; (c) liquidated damages; (d) consequential, compensatory and punitive damages; (e) attorney's fees and costs; (f) and all other relief that is deemed just and fair.

## COUNT II - ABUSIVE DISCHARGE, MARYLAND LAW

47. All allegations of this Complaint are incorporated fully in this Count.

48. Plaintiffs were terminated because they exercised their rights to seek to obtain the compensation owed to them under with Maryland law.

49. The Defendants fired Plaintiffs in retaliation for their complaint.

50. Plaintiffs' firings violated a clear mandate of the public policy of the State of Maryland.  *See* Md. Code Ann., Labor & Employ. Art*.,* §3-428(a)(3)(i).

51. Plaintiffs sustained great damage as a direct result of the abusive discharge by Defendants.

52. <u>Relief Requested</u> – Plaintiffs seeks to recover the relief available to them under the law, (a) including lost wages and benefits; (b) pre- and post-judgment interest; (c) consequential, compensatory; and punitive damages; (d) attorney's fees and costs; and (e) and all other relief that is deemed just and fair.

    Respectfully submitted,

    /s/
    _____

    Stephen B. Lebau (Bar #07258)
    Richard P. Neuworth  (Bar # 01052)
    LEBAU & NEUWORTH, LLC
    606 Baltimore Avenue – Suite 201
    Baltimore, Maryland 21204
    tel. 410.296.3030
    fax. 410.296.8660
    Attorneys for Plaintiffs

## REQUEST FOR JURY TRIAL

Plaintiffs request that a jury of their peers hear and decide all possible claims.

/s/
_____
Stephen B. Lebau